IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOHN CARLOS MIESES-CASIANO <br><br> Defendant. | CRIMINAL NO. 16-028 (PAD) |

MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

Before the court is the "United States' Motion Requesting a Revocation of the Magistrate Judge's Release Order and an Order of Detention Pending Trial" (Docket No. 21). For the reasons explained below, defendant shall be detained without bail pending trial.

## I.   BACKGROUND

On January 20, 2016, the defendant was charged with knowingly possessing a firearm (a Glock pistol, model 22, .40 caliber, bearing serial number NBR6640), modified to shoot more than one round of ammunition, without manual reloading, by a single function of the trigger, in violation of 18 U.S.C. 922(o)(1) and 924(a)(2) (Docket No. 9).

On January 22, 2016, U.S. Magistrate Judge Bruce J. McGiverin presided over the arraignment detention hearing, during which the United States moved for defendant's detention (Docket Nos.14 and 20 at pp. 3-4). At the conclusion of the hearing, the Magistrate Judge denied the government's request, setting the following conditions of release: bail in the amount of $10,000 (with only $3,000 secured); a third-party custodian; drug testing; home detention with electronic monitoring; plus other standard conditions (Docket No. 14).

The same day, the government filed an emergency motion requesting a stay of the Magistrate Judge's order, and a de novo bail hearing (Docket No. 13). The court granted the government's motion, stayed defendant's release pending *de novo* review, and scheduled a *de novo* bail hearing (Docket No. 15). The hearing was held on February 2, 2016 (Docket No. 22). The parties argued their positions. The government proceeded via proffer. Defendant presented the transcript of the hearing held before the Magistrate Judge, and the testimony of defendant's mother. Id. Based on the information received during the hearing, the court ordered that defendant remain under custody pending further review of testimony and evidence.

## II.   STANDARD OF REVIEW

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3156, permits detention of a defendant pending trial if no condition or combination of conditions will reasonably assure the appearance of the person as required or the safety of any other person and the community. 18 U.S.C. §§ 3142(b) and (e). The government must establish risk of flight by a preponderance of the evidence; and/or dangerousness by clear and convincing evidence. United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991).

Where probable cause is found to believe that a defendant has committed a crime listed or in the circumstances set forth in 18 U.S.C. § 3142(e), a rebuttable presumption arises that no conditions or combination of conditions exist that will reasonably assure the appearance of the defendant and the safety of the community. A grand jury indictment on a covered offense is enough to demonstrate probable cause for purposes of triggering the presumption. United States v. Vargas, 804 F.2d 157, 163 (1st Cir. 1986); United States v. Holland, 922 F.Supp.2d 70, 71 (D.D.C. 2013).

Once triggered, the presumption imposes on the defendant a burden of production. United States v. O'Brien, 895 F.2d 810, 814-815 (1st Cir. 1990). The burden is not heavy. United States

v. Stone, 608 F.3d 939, 946 (6th Cir. 2010). It is satisfied introducing at least some evidence contrary to the facts presumed. Id. Rebuttal evidence does not burst or destroy the presumption, which does not disappear, maintaining evidentiary weight. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); O'Brien, 895 F.2d at 814-815. The government retains the burden of persuasion throughout, in both presumption and non-presumption cases. Stone, 608 F.3d at 946; Bess, 678 F.Supp.929 at 932. Review of a magistrate judge's release order is *de novo*. United States v. Tortora, 922 F.2d 880, 883 n. 4 (1st Cir. 1990). The court must state in writing the reasons for the action taken. United States v. Moss, 887 F.2d 333, 338 (1st Cir. 1989); O' Brien, 895 F.2d at 813.

### III.    DISCUSSION

#### A. Initial Inquiry

The statutory presumption does not apply here. Defendant is charged with the knowing possession of a machine gun. The offense is not listed in 18 U.S.C. §§ 3142(e)(2) and (3), as an offense to which the detention presumption applies.[1] Nevertheless, the statute authorizes pretrial

---

[1] Offenses triggering the presumption include those carrying a maximum term of imprisonment of 10 years or more under the Controlled Substances Act, 21 U.S.C. § 801 et seq., the Controlled Substances Import and Export Act, 21 U.S.C. § 951 et seq., or the Marine Drug Law Enforcement Act, 46 U.S.C. App. 1901 et seq.; and those under 18 U.S.C. 924(c)(use of firearm in crime of violence or in drug trafficking crime), 18 U.S.C. § 956(a)(conspiracy to kill, kidnap, maim, or injure persons or damage property in a foreign country), or 18 U.S.C. § 2332(b) (acts of terrorism transcending national boundaries); an offense listed in 18 U.S.C. § 2332(b)(5)(B)(federal crime of terrorism) for which a maximum term of imprisonment of 10 or more years is prescribed; an offense under Chapter 77 of 18 U.S.C. ("Peonage, Slavery, and Trafficking in Persons"), for which a maximum term of imprisonment of 20 years or more is prescribed; or an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252(A)(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 (kidnapping, sex trafficking sexual abuse, abusive sexual contact, sexual exploitation, selling or buying of children, certain child pornography offense, and transportation for illegal sexual offenses and related crimes). 18 U.S.C. § 3142(e)(3). The presumption is also triggered when the judicial officer finds that a defendant charged with a crime listed in § 3142(f) was previously convicted for a similar crime while on release pending trial and no more than 5 years has elapsed since the conviction or release from imprisonment for that prior offense. 18 U.S.C. § 3142(e)(2). For those purposes, qualifying offenses include crimes of violence under 18 U.S.C. § 3156(a)(4); a violation of 18 U.S.C. § 1591 ("Sex trafficking of children or by force, fraud or coercion"); offenses listed in 18 U.S.C. § 2332(B) (acts of terrorism transcending national boundaries) for which a maximum term of imprisonment is 10 years or more is prescribed; and an offense for which the maximum sentence is life imprisonment or death; an offense for which a maximum term of imprisonment of 10 years or more is prescribed under the Controlled Substances Act, 21 U.S.C. § 801 et seq., the Controlled Substances Import and Export Act, 21 U.S.C. § 951 et seq., or the Marine Drug Law Enforcement Act, 46 U.S.C. App. 1901 et seq.; any felony if the person has been convicted of 2 or more of the described offenses or 2 or more equivalent State or local offenses or a combination of such offenses; or any felony that is not otherwise a

detention in cases that involve a felony that is not otherwise a crime of violence that involves the possession or use of a firearm or destructive device (as those terms are defined in Section 921), or any other dangerous weapon. 18 U.S.C. § 3142(f)(1)(E). Additionally, detention is authorized where there is a serious risk that the person will flee. 18 U.S.C. § 3142(f)(2)(A).

The government seeks detention on those grounds, clarifying that rather than risk of flight, defendant poses a risk of non-appearance (Docket No. 21 at p. 5). In making a detention determination, the court must consider the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the nature and seriousness of the danger to any other person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

**B. Detention Factors**

1. Nature and Circumstances of Offense

Defendant possessed a .40 caliber machine gun loaded with 22 rounds of live ammunition, and an additional high-capacity magazine loaded with 21 rounds of ammunition in a public area (a public sidewalk). The weapon qualifies as a firearm or destructive device (as those terms are defined in Section 921), or as a dangerous weapon under 18 U.S.C. § 3142(f)(1)(E). If convicted, defendant faces up to 10 years of imprisonment. The offense charged, the circumstances of the crime, and the statutory exposure underpinning it favor detention.[2]

---

crime of violence that involves a minor victim, or possession or use of a firearm or destructive device, or any other dangerous weapon; and failure to register under 18 U.S.C. § 2250 in connection with the Sex Offender Registration and Notification Act. 18 U.S.C. § 3142(e)(2).

[2] For present purposes, the court is entitled to rely on maximum statutory terms of imprisonment. Moss, 887 F.2d at 336.

United States of America v. John C. Mieses-Casiano
Criminal No. 16-028 (PAD)
Memorandum and Order
Page 5

    2. Weight of Evidence

The government proffered that there is one witness with first-hand knowledge of the offense. For purposes of bail determination, there is no evidence inconsistent with a finding of guilt. See, United States v. Gray, 529 F.Supp.2d 177, 181 (D.Mass. 2007)(so noting in rejecting claim that weight of evidence was weak). Compare that situation with the one evaluated in United States v. Torres-Rosario, 600 F.Supp.2d 327, 334 (D.P.R. 2009), where the only witness against the defendant failed to identify him in court during the bail hearing even though he was the only person in the courtroom dressed in an inmate jumpsuit and was sitting at the defense counsel table next to his attorneys. This factor favors detention.

    3. History and Characteristics of the Defendant

The Pretrial Services Report states that defendant is 18 years of age. He completed a GED. He has pursued no additional educational endeavors, although his mother indicated that he was in contact with a person from an aviation school in the Luis Muñoz Marín Airport, to study aviation mechanics in Puerto Rico. She could not identify the name of the school. Be that as it may, however, defendant is a lifelong resident of Puerto Rico, and since his birth has resided with his mother at his address of record. Even though has no history of steady employment, he has no criminal history. He denied substance abuse history or treatment, and tested negative to a urinalysis test. He does not have a passport, does not speak English, and has never traveled outside of the United States. Together, these elements favor release.

    4. The Danger Posed to the Community by Defendant's Release

Before he was placed under arrest on January 13, 2016, defendant was observed with a firearm on a public sidewalk. The firearm – a machine gun – was loaded with 22 rounds of live ammunition, and had one round in the chamber. Police officers instructed defendant to stop.

Rather than complying with the officers' instructions, defendant fled, tossing the firearm while running away from the police. Doing so exposed the community to a serious risk of harm, for according to information provided during the *de novo* hearing, there were at least four individuals, defendant excluded, running in the vicinity. In the same way, not complying with officers' instructions highlights that it is more than merely possible that he will not follow pretrial services officers' instructions and show up in court when required to do so. Past conduct serves as a predictor of future conduct.

Defendant's mother – the proposed third-party custodian – testified that she would ensure defendant complies with conditions of release, becoming his shadow in every way. The court does not doubt the sincerity of her words or her interest in her son's wellbeing. But as was pointed out during the *de novo* hearing, she is disabled, and defendant was residing with her when he decided to embark on the course of conduct that led to his arrest.

### IV.  CONCLUSION

Having carefully considered all the evidence as well as the available range of release conditions, the court concludes that the government has shown, by preponderance of the evidence, that no condition or combination of conditions will reasonably ensure defendant's appearance in court; and by clear and convincing evidence, that no condition or combination of conditions will assure the safety of the community if defendant is released.

The nature and circumstances of the offense charged, including potential penalty; the weight of the evidence; the danger posed to others; and defendant's links to the area where the offense was committed, outbalance other elements in his personal and history and characteristics arguably supporting release even under the conditions that the Magistrate Judge set at Docket No. 14. Therefore, defendant shall be detained without bail pending trial.

**SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of February 2016.

                                      S/Pedro A. Delgado-Hernández
                                      PEDRO A. DELGADO-HERNÁNDEZ
                                      United States District Judge